# **Exhibit C**

**URRCASE NO. _____**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

---

ATLAS DATA PRIVACY CORPORATION,
et al.,

        Plaintiffs-Respondents,

v.

BLACKBAUD, INC., et al.,

        Defendants-Petitioners.

Civil Action No. 24-03993-HB

---

ATLAS DATA PRIVACY CORPORATION,
et al.,

        Plaintiffs-Respondents,

v.

WHITEPAGES, INC., et al.,

        Defendants-Petitioners.

Civil Action No. 24-3998-HB

---

ATLAS DATA PRIVACY CORPORATION,
et al.,

        Plaintiffs-Respondents,

v.

HIYA, INC., et al.,

        Defendants-Petitioners.

Civil Action No. 24-4000-HB

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br>       Plaintiffs-Respondents, <br><br> v. <br><br> COMMERCIAL REAL ESTATE EXCHANGE, INC., et al., <br><br>       Defendants-Petitioners. | Civil Action No. 24-04073-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br>       Plaintiffs-Respondents, <br><br> v. <br><br> CARCO GROUP, et al., <br><br>       Defendants-Petitioners. | Civil Action No. 24-04077-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br>       Plaintiffs-Respondents, <br><br> v. <br><br> 6SENSE INSIGHTS, INC., et al., <br><br>       Defendants-Petitioners. | Civil Action No. 24-04104-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br>       Plaintiffs-Respondents, <br><br> v. <br><br> LIGHTBOX PARENT, L.P., et al., <br><br>       Defendants-Petitioners. | Civil Action No. 24-04105-HB |

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

SEARCH QUARRY, LLC, et al.,

       Defendants-Petitioners.

Civil Action No. 24-04106-HB

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

ACXIOM, LLC, et al.,

       Defendants-Petitioners.

Civil Action No. 24-04017-HB

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

ENFORMION, et al.,

       Defendants-Petitioners.

Civil Action No. 24-04110-HB

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

COSTAR GROUP, INC., et al.,

       Defendants-Petitioners.

Civil Action No. 24-04111-HB

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-04112-HB |
| v. | |
| ORACLE INTERNATIONAL CORPORATION, et al., | |
| Defendants-Petitioners. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-04113-HB |
| v. | |
| RED VIOLET, INC., et al., | |
| Defendants-Petitioners. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-04114-HB |
| v. | |
| RE/MAX, LLC, et al., | |
| Defendants-Petitioners. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-04168-HB |
| v. | |
| EPSILON DATA MANAGEMENT, LLC, et al., | |
| Defendants-Petitioners. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-04181-HB |
| v. | |
| DATA AXLE, INC., et al., | |
| Defendants-Petitioners. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-04182-HB |
| v. | |
| REMINE, INC., et al., | |
| Defendants-Petitioners. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-04217-HB |
| v. | |
| TELTECH SYSTEMS, INC., et al., | |
| Defendants-Petitioners. | |

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

PEOPLECONNECT, INC., et al.,

        Defendants-Petitioners.

Civil Action No. 24-04227-HB

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

CORELOGIC, INC., et al.,

        Defendants-Petitioners.

Civil Action No. 24-04230-HB

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

BLACK KNIGHT TECHNOLOGIES, LLC,
et al.,

        Defendants-Petitioners.

Civil Action No. 24-04233-HB

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

CHOREOGRAPH LLC, et al.,

        Defendants-Petitioners.

Civil Action No. 24-04271-HB

ATLAS DATA PRIVACY
CORPORATION, et al.,

      Plaintiffs-Respondents,

v.

TRANSUNION, LLC, et al.,

      Defendants-Petitioners.

Civil Action No. 24-04288-HB

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

      Plaintiffs-Respondents,

v.

SPOKEO, INC., et al.,

      Defendants-Petitioners.

Civil Action No. 24-04299-HB

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

      Plaintiffs-Respondents,

v.

TELNYX LLC, et al.,

      Defendants-Petitioners.

Civil Action No. 24-04354-HB

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

      Plaintiffs-Respondents,

v.

WILAND, INC., et al.,

      Defendants-Petitioners.

Civil Action No. 24-04442-HB

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., Plaintiffs-Respondents, v. ATDATA, LLC, et al., Defendants-Petitioners. | Civil Action No. 24-04447-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., Plaintiffs-Respondents, v. PRECISELY HOLDINGS, LLC, et al., Defendants-Petitioners. | Civil Action No. 24-04571-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., Plaintiffs-Respondents, v. OUTSIDE INTERACTIVE, INC., et al., Defendants-Petitioners. | Civil Action No. 24-04696-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., Plaintiffs-Respondents, v. VALASSIS DIGITAL CORP., et al., Defendants-Petitioners. | Civil Action No. 24-04770-HB |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civ. Action No. 24-04850-HB |
| v. | |
| THE LIFETIME VALUE CO. LLC, et al., | |
| Defendants-Petitioners. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | |
| v. | Civ. Action No. 24-05334-HB |
| FIRST AMERICAN FINANCIAL CORPORATION, et al., | |
| Defendants-Petitioners. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | |
| v. | Civ. Action No. 24-06160-HB |
| LEXISNEXIS RISK DATA MANAGEMENT, LLC, et al., | |
| Defendants-Petitioners. | |

On Appeal from the United States District Court
For the District Court of New Jersey, Camden Division
The Honorable Harvey Bartle III

District Court Nos. 1:24-cv-03993(HB); 1:24-cv-03998(HB); 1:24-cv-04000(HB);

1:24-cv-04073(HB); 1:24-cv-04077(HB); 1:24-cv-04104(HB);
1:24-cv-04105(HB); 1:24-cv-04106(HB); 1:24-cv-04107(HB);
1:24-cv-04110(HB); 1:24-cv-04111(HB); 1:24-cv-04112(HB);
1:24-cv-04113(HB); 1:24-cv-04114(HB); 1:24-cv-04168(HB);
1:24-cv-04181(HB); 1:24-cv-04182(HB); 1:24-cv-04217(HB);
1:24-cv-04227(HB); 1:24-cv-04230(HB); 1:24-cv-04233(HB);
1:24-cv-04271(HB); 1:24-cv-04288(HB); 1:24-cv-04299(HB);
1:24-cv-04354(HB); 1:24-cv-04442(HB); 1:24-cv-04447(HB);
1:24-cv-04571(HB); 1:24-cv-04676(HB); 1:24-cv-04770(HB);
1:24-cv-04850(HB); 1:24-cv-05334(HB); and 1:24-cv-06160(HB).

---

## JOINT PETITION FOR PERMISSION TO APPEAL
## UNDER 28 U.S.C. § 1453(c)

---

Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L. Jonaitis
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Suite 400, 301 Carnegie Center
Princeton, NJ 08540-6227

*Attorneys for Petitioners-Defendants
Acxiom LLC (1:24-cv-04107), AtData
LLC (1:24-cv-04447), CoreLogic, Inc.
(1:24-cv-04230), Enformion, LLC,
Enformion Holdco Inc. (1:24-cv-
04110), Red Violet, Inc. (1:24-cv-
04113), and Remine Inc. (1:24-cv-
04182)*

Stephen M. Turner
DENTONS US LLP
101 JFK Parkway, 4th Floor
Short Hills, NJ 07078

-and-

Kristen C. Rodriguez, Esq. (admission
pending)
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020

*Attorneys for Petitioner-Defendant
Wiland, Inc. (1:24-cv-04442)*

Ryan A. Savercool
MCCARTER & ENGLISH LLP
Four Gateway Center
00 Mulberry Street
Newark, New Jersey 07102

-and-

Jon M. Talotta (admission pending)
HOGAN LOVELLS US LLP
8350 Broad Street (Boro Tower)
Tysons, VA 22102

David M. Cheifetz (admission pending)
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, New York 10017

*Attorneys for Petitioners-Defendants The
Lifetime Value Co. LLC, BeenVerified,
LLC, NeighborWho LLC,The NumberGuru,
LLC; PeopleLooker LLC, PeopleSmart
LLC, Ownerly, LLC (1:24-cv-04850)*

Stephen M. Turner, Esq.
DENTONS US LLP
101 JFK Parkway, 4th Floor
Short Hills, NJ 07078

-and-

Bety Javidzad, Esq. (pro hac vice)
DENTONS US LLP
601 South Figueroa Street, Suite 2500

*Attorneys for Petitioner-Defendant
Commercial Real Estate Exchange, Inc.
(1:24-cv-04073)*

Timothy M. Jabbour
George Z. Twill
TRESSLER LLP
163 Madison Avenue, Suite 404
Morristown, NJ 07960

Gregory C. Scaglione (admission
pending)
Timothy Hutchinson (admission
pending)
KOLEY JESSEN P.C., L.L.P.
1125 S. 103rd St., Suite 800
Omaha, NE 68124

*Attorneys for Petitioner-Defendant
Data Axle, Inc. (1:24-cv-04181)*

Ross A. Lewin
FAEGRE DRINKER BIDDLE
& REATH LLP
05 College Road East
Princeton, New Jersey 08542

-and -

Kevin DeMaio
FAEGRE DRINKER BIDDLE
& REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932

-and-

Rachel Niewoehner
Katherine Sobiech
CROKE FAIRCHILD DUARTE &
BERES
191 N. Wacker Dr., Floor 31
Chicago, IL 60606

*Attorneys for Petitioners-Defendants
Epsilon Data Management, LLC,
Conversant LLC and Citrus Ad
International, Inc. (1:24-cv-04168)*

Michael D. Margulies
CARLTON FIELDS, P.A.
180 Park Avenue, Suite 106
Florham Park, NJ 07932

*Attorneys for Petitioners-Defendants
Teltech Systems Inc. and Epic
Applications, LLC (1:24-cv-04217)*

Samantha L. Southall
BUCHANAN INGERSOLL & ROONEY
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19103

*Attorneys for Petitioners-Defendants Trans
Union, LLC, Neustar, Inc., and TransUnion
Risk and Alternative Data Solutions, Inc.
(1:24-cv-04288)*

Michael T. Hensley
CARLTON FIELDS
Jorkeell Echeverria 180 Park Avenue,
Suite 106
Florham Park, New Jersey 07932

Sarah F. Hutchins (admission pending)
Corri A. Hopkins (admission pending)
PARKER POE ADAMS &
BERNSTEIN LLP
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202

*Attorneys for Petitioner-Defendant*
*Blackbaud, Inc. (1:24-cv-03993)*

Lauri A. Mazzuchetti
Whitney M Smith
Aaron J. Gold
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054

*Attorneys for Petitioner-Defendant*
*RE/MAX, LLC (1:24-cv-04114)*

Alan Schoenfeld
Marissa M. Wenzel (admission
pending)
Todd Clayton (admission pending)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007

-and-

Christopher Davies (admission
pending)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037

*Attorneys for Petitioner-Defendant*
*Choreograph LLC (1:24-cv-04271-HB)*

A. Matthew Boxer
Gavin J. Rooney
Rasmeet K. Chahil
LOWENSTEIN SANDLER LLP
One Lowenstein Drive
Roseland, New Jersey 07068

*Attorneys for Petitioner-Defendant*
*LexisNexis Risk Data Management, LLC*
*and RELX, Inc. (1:24-cv-06160)*

Scott S. Christie (ID: 37901989)
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

-and-

Curtis B. Leitner
McCARTER & ENGLISH, LLP
Worldwide Plaza
825 Eighth Ave., 31st Floor
New York, NY 10019

*Attorneys for Petitioners-Defendants
Black Knight Technologies, LLC and
Black Knight, Inc. (1:24-cv-04233)*

Scott S. Christie
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

*Attorneys for Petitioner-Defendant Telnyx
LLC (1:24-cv-04354)*

Serrin Turner
LATHAM & WATKINS LLP
1271 Avenue of Americas
New York, NY 10020

*Attorneys for Petitioners-Defendants
CoStar Group, Inc. and CoStar Realty
Information, Inc. (1:24-cv-04111) and
Petitioners-Defendants LightBox
Parent, L.P. and LightBox Holdings,
L.P. (1:24-cv-04105)*

Robert C. Collins
LATHAM & WATKINS LLP
330 N. Wabash Ave, Suite 2800
Chicago, IL 60611

*Attorneys for Petitioners-Defendants
Oracle International, Corporation, Oracle
America, Incorporated, and Oracle
Corporation (1:24-cv-04112) and
Petitioners-Defendants PeopleConnect,
Inc., PeopleConnect Holdings, Inc.,
Intelius, LLC, and PeopleConnect
Intermediate, LLC (1:24-cv-04227)*

Alexandra S. Jacobs
John Papianou
MONTGOMERY MCCRACKEN
WALKER & RHOADS LLP
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002

-and-

Rebecca E. Kuehn (admission pending)
Robert D. Tilley (admission pending)
Jason F. Esteves (admission pending)
HUDSON COOK LLP
1909 K Street, NW, 4th Floor
Washington, DC 20006

*Attorneys for Petitioner-Defendant
First American Financial Corporation
(1:24-cv-05334)*

Myriah V. Jaworski (admission
pending)
Chirag H. Patel (admission pending)
Steven Richman, Esq.
CLARK HILL PLC
210 Carnegie Center, Suite 102
Princeton, NJ 08540

*Attorneys for Defendant 6sense
Insights, Inc. (1:24-cv-04104) and
Search Quarry LLC (1:24-cv-04106)*

Daniel C. Green
Jean A. Occhiogrosso
VEDDER PRICE P.C
1633 Broadway, 31st Floor
New York, New York 10019

-and-

Blaine C. Kimrey (admission pending)
222 N. LaSalle Street
Chicago, IL 60601

*Attorneys for Petitioners-Defendants
Whitepages, Inc. (1:24-cv-03998) and
Hiya, Inc. (1:24-cv-04000)*

Camille Joanne Rosca
ORRICK, HERRINGTON & SUTCLIFFE
LLP
51 West 52nd Street New York, NY
10019-6142

*Attorneys for Petitioner-Defendant Outside
Interactive, Inc. (1:24-cv-04696)*

Joshua N. Howley
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102

-and-

Andrew J. Pincus*
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006

-and-

John Nadolenco*
Daniel D. Queen*
MAYER BROWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071

-and-

Benjamin D. Bright*
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020

*admissions pending

*Attorneys for Petitioner-Defendant
Spokeo, Inc. )1:24-cv-04299)*

William C. Baton
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza
1037 Raymond Blvd.
Newark, NJ 07102-5426

-and-

Matthew D. Brown (admission pending)
Bethany C. Lobo (admission pending)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111

*Attorneys for Petitioners-Defendants
Precisely Holdings, LLC, Precisely
Software Inc., and Precisely Software Ltd.
(1:24-cv-04571)*

William C. Baton
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza
1037 Raymond Blvd.
Newark, NJ 07102-5426

-and-

Matthew D. Brown (admission pending)
Bethany C. Lobo (admission pending)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111

*Attorneys for Petitioners-Defendants Valassis Digital Corp. and Valassis Communications, Inc. (1:24-cv-04770)*

Kenneth D. Friedman
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036

-and-

Kareem A. Salem (admission pending)
Brandon Reilly (admission pending)
662 Encinitas Blvd., Suite 216
Encinitas, CA 92024

*Attorneys for Petitioner-Defendant Vericast Corp. (1:23-cv-04770)*

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................1

STATUTORY AUTHORITY GRANTING LEAVE TO APPEAL.......................2

PROCEDURAL AND FACTUAL BACKGROUND ............................................3

QUESTION PRESENTED ...................................................................4

RELIEF SOUGHT ...........................................................................5

REASONS FOR GRANTING REVIEW .................................................5

    A.    This Case Presents Important CAFA-Related Questions ...................6

    B.    The DNJ Erred in its Application of the CAFA Mass Action Provision.........................................................................7

        1.    A Mass Assignment is Equivalent to Mass Joinder..................8

        2.    Misplaced Reliance on *Hood* ..................................................11

        3.    Misapplication of *Hood* ........................................................15

        4.    The DNJ's Order Undermines Congressional Intent...............16

    C.    The Issue is Consequential, Likely to Recur, and Will Evade Review...........................................................................19

    D.    Plaintiffs Will Suffer No Prejudice from Granting Review...............19

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Abraham v. St. Croix Renaissance Grp.,*
    L.L.L.P, 719 F.3d 270 (3d Cir. 2013)................................................3

*Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez,*
    458 U.S. 592 (1982)................................................................12

*Atlas Data Privacy Corp. v. Spokeo, Inc.,*
    No. 1:24-cv-04299-HB ECF No. 1-3 ..................................................3

*Birkins v. Seaboard Serv.,*
    96 F. Supp. 245 (D.N.J. 1950)................................................11, 14

*BP America, Inc. v. Oklahoma ex rel. Edmondson,*
    613 F.3d 1029 (10th Cir. 2010)................................................6, 19

*Broselow v. Fisher,*
    319 F.3d 605 (3d Cir. 2003) ..................................................13, 14

*College of Dental Surgeons of Puerto Rico v. Connecticut General*
    *Life Insurance Co.,*
    585 F.3d 33 (1st Cir. 2009)......................................................19

*Dart Cherokee Basin Operating Co., LLC v. Owens,*
    574 U.S. 81 (2014)..............................................................6, 18

*Frederico v. Home Depot,*
    507 F.3d 188 (3d Cir. 2007) .......................................................5

*Gallagher v. Johnson & Johnson Consumer Companies, Inc.,*
    169 F. Supp. 3d 598 (D.N.J. 2016)................................................12

*Mississippi ex. rel Hood v. AU Optronics Corp.,*
    571 U.S. 161 (2014).........................................................*passim*

*Kaufman v. Allstate New Jersey Ins. Co.,*
    561 F.3d 144 (3d Cir. 2009) .......................................................7

*Kramer v. Caribbean Mills, Inc.*,
   394 U.S. 823 (1969)..........................................................................13

*Leflar v. Target Corp.*,
   57 F.4th 600 (8th Cir. 2023) ..........................................................8

*Neale v. Volvo Cars of N. Am., LLC*,
   794 F.3d 353 (3d Cir. 2015) ..........................................................12

*Pennsylvania v. Harbour Portfolio Cap., LLC*,
   No. 18-989, 2018 U.S. Dist. LEXIS 194566 (W.D. Pa. Nov. 15,
   2018) ............................................................................................14, 16

*Pennsylvania v. Porter*,
   659 F.2d 306 (3d Cir. 1981) ..........................................................14

*Ramirez v. Vintage Pharms., LLC*,
   852 F.3d 324 (3d Cir. 2017) ........................................................5, 8

*Robert D. Mabe, Inc. v. OptumRX*,
   43 F.4th 307 (3d Cir. 2022) ....................................................*passim*

*Sprint Comm's Co., L.P. v. APCC Servs., Inc.*,
   554 U.S. 269 (2008)..............................................................9, 10, 18

*Standard Fire Ins. Co. v. Knowles*,
   568 U.S. 588 (2013)....................................................................17, 18

*Suber v. Kontinental Koaches, Inc.*,
   104 F.3d 578 (3d Cir. 1997) ..........................................................10

*United States v. Fontaine*,
   697 F.3d 221, 57 V.I. 914 (3d Cir. 2012) ......................................18

*Vermont Agency of Nat. Res. V. U.S. ex rel. Stevens*,
   529 U.S. 765 (2000)........................................................................17

*Waite v. Santa Cruz*,
   184 U.S. 302 (1902)..............................................................10, 11, 18

*Wecker v. National Enameling & Stamping Co.*,
   204 U. S. 176 (1907)......................................................................16

*Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*,
     No. 15-6480, 2020 U.S. Dist. LEXIS 158687 (E.D. Pa. Sep. 1,
     2020) ................................................................................................... 13

*Zahn v. Int'l Paper Co.*,
     414 U.S. 291 (1973) ........................................................................... 10

**Statutes**

28 U.S.C. § 1332(11)(B) ....................................................................... 1, 6

28 U.S.C. § 1453(c) ......................................................................... 1, 2, 20

**Other Authorities**

Wright & Miller, 5A Fed Prac. & Proc. Civ. § 1321 (4th ed.) ................................. 17

**Certification of Compliance**

**Addendum 1** – List of Petitioners-Defendants

**Exhibit A** – Order dated November 20, 2024
**Exhibit B** – Memorandum dated November 20, 2024

Pursuant to 28 U.S.C. § 1453(c)(1) and Federal Rule of Appellate Procedure 5, Defendants-Petitioners ("Defendants")[1] seek leave to appeal the November 20, 2024 order ("Remand Order") of the United States District Court for the District of New Jersey ("DNJ"),[2] which remanded 39 cases to the Superior Court of New Jersey that Defendants had removed, in part, as mass actions under the Class Action Fairness Act, 28 U.S.C. §1332(d)(11)(B)(i) ("CAFA Mass Action Provision").

## INTRODUCTION

This case involves an issue of first impression – whether actions proposing to aggregate and jointly try the claims of thousands of persons by way of a mass assignment to a single assignee are subject to federal jurisdiction under the CAFA Mass Action Provision. Atlas Data Privacy Corporation ("Atlas"), the corporate assignee plaintiff in the cases subject to the Remand Order (the "CAFA Mass Actions"), allegedly obtained assignments of claims from more than 19,000 "Covered Persons"[3] under New Jersey's Daniel's Law and then, purportedly as

---

[1] *See* **Addendum 1**.

[2] The Third Circuit designated the Honorable Harvey Bartle III of the United States District Court for the Eastern District of Pennsylvania to oversee the Daniel's Law cases. Designation of District Judge, Civil Action No. 1:24-cv-04077-HB ("*Atlas v. Carco*"), ECF No. 9. Unless otherwise noted, all citations to "ECF" relate to the docket in *Atlas v. Carco*.

[3] Under Daniel's Law a "Covered Person" includes a New Jersey judge, prosecutor, or law enforcement officer and their immediate family members who live in the same household. Mem. at 10, ECF No. 76.

assignee of each of these persons,[4] filed lawsuits in multiple New Jersey state courts seeking monetary and injunctive relief on their behalf.

The DNJ, relying on the Supreme Court holding in *Mississippi ex. rel Hood v. AU Optronics Corp.,* 571 U.S. 161 (2014), a *parens patriae* action brought by the Mississippi attorney general on behalf of a state and is factually distinct and legally inapposite, found that Atlas's use of mass assignments can evade CAFA mass action jurisdiction because "there are not a hundred named plaintiffs in any of the complaints." Memorandum Accompanying Order Granting Remand ("Mem."), ECF No. 76, at 39. This decision was erroneous. This Court, in *Robert D. Mabe, Inc. v. OptumRX*, 43 F.4th 307, 323 (3d Cir. 2022), recognized that Congress intended collective actions, like the actions here, to be in federal court under CAFA. This Court should intervene to correct the DNJ's error and prevent Plaintiffs from exploiting a new and unintended CAFA loophole.

## STATUTORY AUTHORITY GRANTING LEAVE TO APPEAL

Under 28 U.S.C. §1453(c)(1), this Court may "accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not

---

[4] Atlas did not specifically name the thousands of covered persons in the complaints, but it made clear that it was suing "as the assignee of the claims of approximately 19,251 individuals" and seeking monetary relief on each claim. *See* ECF No. 1, Carco Compl. at ¶26, Prayer ¶¶ B, C.

more than 10 days after entry of the order."[5] The DNJ entered the Remand Order on November 20, 2024. *See, e.g.,* Remand Order ECF No. 77. This Petition is timely.

## PROCEDURAL AND FACTUAL BACKGROUND

Atlas provides services to Covered Persons who register for Atlas's platform. Mem. at 10, ECF No. 76. These services include enforcement actions Atlas pursues on behalf of Covered Persons through use of mass assignments. ECF No. 23, Ex. A.

During the December 2023 holiday season and the 2024 New Year, Atlas simultaneously sent thousands of purported take-down requests under Daniel's Law to more than 140 businesses. *See, e.g., id.* ¶52; *Compl.* ¶50, *Atlas Data Privacy Corp. v. Spokeo, Inc.*, No. 1:24-cv-04299-HB ECF No. 1-3. Thereafter, several individual police officers and Atlas (as the alleged assignee of approximately 19,000 persons) ("Plaintiffs") began filing nearly identical complaints in the Superior Court of New Jersey (the "Complaints"), claiming Defendants failed to adequately address the requests within the 10-business-day statutory period. *Id.* ¶59-60. The Complaints alleged that 19,000 Covered Persons assigned their claims to Atlas to recover, among other things, liquidated damages of $1,000 per violation, attorneys' fees and costs, and injunctive relief to remove "protected information wherever disclosed." *See,*

---

[5] This provision also permits the Court to hear appeals over orders granting or denying motions to remand "mass actions," because CAFA defines mass actions to be class actions under the statute. *See Abraham v. St. Croix Renaissance Grp., L.L.L.P*, 719 F.3d 270, 275 (3d Cir. 2013).

*e.g.,* Compl., ¶26, and WHEREFORE CLAUSE, ECF No. 1-1. Despite the alleged assignments, the Covered Persons retained a 65% interest in any monetary recovery and 100% interest in any injunctive relief. Mem. 12; ECF No. 23, Ex. A.

Defendants removed 75 of the actions to the DNJ based on, among other grounds, CAFA mass action jurisdiction because the Complaints proposed to jointly try the monetary relief claims of more than 100 persons. *See, e.g.,* Notice of Removal ¶8, ECF No. 1. On May 3, 2024, Plaintiffs filed a Consolidated Motion for Remand ("Remand Motion"). Plaintiffs argued CAFA mass action jurisdiction did not exist because there are not 100 named plaintiffs in any of the Complaints, as allegedly required by *Hood. See, e.g.,* Mem. at 36, ECF No. 76.

On September 9, 2024, Defendants opposed the Remand Motion. *See id.*, ECF No. 55. On October 22, 2024, the DNJ heard oral argument, (ECF No. 69), and on November 20, 2024, the DNJ granted the Remand Motion. *See, id.*, ECF No. 77. In its decision, the DNJ concluded, in part, that CAFA mass action jurisdiction did not exist because the CAFA Mass Actions do not involve 100 named plaintiffs. *See, e.g.*, Mem. at 39, ECF No. 76.

## QUESTION PRESENTED

Whether the CAFA Mass Actions, which propose to aggregate and collectively prosecute the Daniel's Law claims of nearly 19,000 identified persons

through the use of a mass assignment mechanism used by a single corporate assignee, were properly removed under CAFA.

## RELIEF SOUGHT

Defendants ask this Court to grant leave to appeal and either (a) allow Defendants to file an appeal of the Remand Order related to CAFA mass action jurisdiction, and/or (b) reverse the Remand Order and instruct the DNJ to retain jurisdiction of the CAFA Mass Actions.[6]

## REASONS FOR GRANTING REVIEW

In evaluating an appeal of a remand order under CAFA, Circuit Courts of Appeal consider the following nonexclusive list of factors: (1) "the presence of an important CAFA-related question;" (2) whether the question is "unsettled;" (3) whether the question appears to be either incorrectly decided or fairly debatable; (4) the question's importance to the case; (5) "whether the question is likely to evade effective review if left for consideration only after final judgment;" (6) its likelihood of recurrence; (7) whether the decision is sufficiently final for review; and (8) whether "the probable harm to the applicant should an immediate appeal be refused [outweighs] the probable harm to the other parties should an immediate

---

[6] This Court would apply plenary review to issues of subject matter jurisdiction, including the determination of whether to properly regard a case as a mass action under CAFA. *Ramirez v. Vintage Pharms., LLC*, 852 F.3d 324, 328 (3d Cir. 2017), citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

appeal be entertained." *BP America, Inc. v. Oklahoma ex rel. Edmondson*, 613 F.3d 1029, 1034 (10th Cir. 2010). Each of these factors supports granting this Motion.

### A. This Case Presents Important CAFA-Related Questions

Congress enacted CAFA to "relax" the federal jurisdiction requirements, meaning "CAFA's 'provisions should be read broadly, with a strong preference'" that qualifying cases "be heard in a federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (quoting S. Rep. No. 109-14, p. 43 (2005)); *see also Robert D. Mabe, Inc.*, 43 F.4th at 323 (advising that CAFA "is best read as ensuring that qualifying mass actions . . . are not being kept from the federal courts"). CAFA explicitly expanded federal jurisdiction to include "mass action[s]": 28 U.S.C. §1332(d)(11), defined as "any civil action . . . in which *monetary relief claims of 100 or more persons are proposed to be tried jointly* on the ground that the plaintiffs' claims involve common questions of law or fact" and did so as a "backstop" to prevent plaintiffs from artfully avoiding class action status by using the mass joinder of individual claims. *See id.* (emphasis added); *Hood*, 571 U.S. at 173; *see also Robert D. Mabe, Inc.*, 43 F.4th at 318.

This Motion presents an issue of first impression – whether CAFA mass action jurisdiction exists where individual claims are assigned *en masse* to a private entity for litigation purposes. *See BP America, Inc.*, 613 F.3d at 1035 (accepting an appeal that "raises the important and unsettled legal questions whether CAFA's mass

6

action provision applies" to suits filed by a particular type of plaintiff); *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009) (granting leave to appeal important CAFA issue of first impression).

If the Remand Order is left unreviewed and undisturbed, a wide swath of collective actions filed in state court, like the actions here, which resemble class actions and otherwise would be subject to CAFA's relaxed jurisdictional rules, may now escape federal jurisdiction simply by relying on mass assignments to a corporate litigation vehicle like Atlas. But that is just the sort of loophole that Congress wanted to close through the CAFA Mass Action Provision, which is intended to ensure that actions that "utilize large-scale joinder or other consolidation mechanisms . . ." could be heard in federal court. *Robert D. Mabe, Inc.*, 43 F.4th at 319.

## B. The DNJ Erred in its Application of the CAFA Mass Action Provision

The DNJ erroneously held that "[s]ince there are not a hundred named plaintiffs in any of the complaints, defendants' argument that subject matter jurisdiction exists because these lawsuits are mass actions under [CAFA] is without merit." Mem. at 39. The DNJ overlooked relevant Supreme Court and Third Circuit caselaw that supports federal jurisdiction here and misapplied distinguishable Supreme Court precedent (*Hood*) that addressed a different question presented.[7]

---

[7] The DNJ also employed the wrong legal standard for CAFA removals. It noted that "[a]ll doubts must be resolved in favor of remand," *see* Mem. at 14, but

1.    <u>A Mass Assignment is Equivalent to Mass Joinder</u>

The litigation-by-mass-assignment device used by Atlas is mass joinder by another name. It is undisputed that each Complaint was filed by Atlas to aggregate and prosecute in a single lawsuit the allegedly assigned, individual monetary relief claims of approximately 19,000 identifiable persons. *See, e.g.*, Remand Motion at 33, ECF No. 23 (claiming that the Covered Persons intentionally "assigned their litigation rights to Atlas for the purpose of collectively prosecuting and enforcing Daniel's Law"); *id.* at Ex. A, Service Terms (agreeing to give Atlas "discretion [to] determine that an efficient method of prosecuting [Covered Person Daniel's Law claims] is through civil litigation *whereby individual claims are aggregated and prosecuted* by Atlas") (emphasis added).[8] These litigations litigation-by-mass-assignment are precisely the kind of "collective actions that utilize large scale joinder or other consolidation mechanisms" to aggregate claims, which this Court explained

_____

this is incorrect. No anti-removal presumption applies to removal under CAFA. *See Leflar v. Target Corp.*, 57 F.4th 600, 603 (8th Cir. 2023).

[8] Although Atlas could have filed separate lawsuits on behalf of each alleged Covered Person assignee, because it chose to proceed a single Complaint against each Defendant to "collectively prosecute" or "aggregate" approximately 19,000 assigned claims, this Court must presume Atlas and the Covered Persons assignees are seeking to try such claims jointly and subjecting themselves to CAFA jurisdiction. *See Ramirez*, 852 F.3d at 330 (reversing a district court remand order, finding CAFA jurisdiction proper, and noting that "[w]here a single complaint joins more than 100 separate claims involving common questions of law and fact, there is a presumption that those plaintiffs have implicitly proposed a joint trial").

is the hallmark of a CAFA "mass action." *See Robert D. Mabe, Inc.*, 43 F.4th at 319. The DNJ's decision does not even mention *Robert D. Mabe, Inc.,* and it fails to address whether the litigations by mass assignment employed by Atlas amount to "collective actions that utilize large scale joinder or other consolidation mechanisms." *See id.* In fact, the DNJ failed to consider almost all of Defendants' arguments for why these actions are, in fact, civil actions proposing to jointly try the monetary relief claims of "100 or more persons." Instead, it focused solely on *Hood* to the exclusion not only of *Robert D. Mabe, Inc.*, but also other key Supreme Court authority. This was error.

While *Hood* did not consider whether mass assignment litigation qualifies as a mass joinder action under CAFA, other Supreme Court precedent suggests it does qualify as a mass action. For example, in *Sprint Comm's Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269 (2008), the Court explained that a mass assignment of claims to a single assignee is "one of several methods for bringing about ***aggregation of claims***, *i.e.*, they are but one of several methods by which ***multiple similarly situated parties*** get similar claims resolved at one time and in one federal forum," and it specifically analogized mass assignment to Federal Rule of Civil Procedure 20(a) which permits joinder of multiple parties. *See id.* at 291 (emphasis added). Indeed, even if *Hood*'s holding equating persons to plaintiffs were applicable here (which it is not), the Court noted that in the CAFA Mass Action Provision, "Congress used

9

the terms 'persons' and 'plaintiffs' just as they are used in Federal Rule of Civil Procedure 20, governing party joinder . . . as 'individuals who are proposing to join as plaintiffs in a single action.'" *Hood*, 571 U.S. at 169–70. And that is just what the CAFA Mass Actions propose to do by way of mass assignments, which the *Sprint* Court analogized to multiparty joinder under Rule 20. *Sprint*, 554 U.S. at 291. Because the Supreme Court recognizes that litigation-by-mass-assignment is tantamount to multi-party litigation through joinder, both are covered by CAFA.

Similarly, in *Waite v. Santa Cruz*, 184 U.S. 302, 324 (1902), the Supreme Court treated for jurisdictional purposes a ***single*** mass assignee, like Atlas, pursuing collection of numerous individual claims, as ***multiple*** plaintiffs jointly pursuing their own claims. In *Waite*, a single plaintiff sued to collect on several municipal bonds and coupons whose "legal title" had been assigned to him "for collection only." 184 U.S. 302, 324 (1902). The Court held that federal courts could not hear the suit because the amount-in-controversy requirement would not have been satisfied if the bondholders and coupon holders had sued individually. *See id.* at 328–29.[9]

---

[9] Thus, in the mass assignment context, the Supreme Court applied the well-settled rule that *multiple* plaintiffs may not aggregate separate and independent claims for jurisdictional purposes, *see e.g.*, *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 292 (1973), rather than the other well-settled rule that a *single* plaintiff typically may aggregate as many independent claims as they wish to meet the amount-in-controversy requirement, *see, e.g.*, *Suber v. Kontinental Koaches, Inc.*, 104 F.3d 578, 588 (3d Cir. 1997).

*Waite* and its progeny recognize that individual assignors' claims, when transferred to an assignee like Atlas for collection purposes, still maintain independent jurisdictional significance. While this line of cases prevents plaintiffs from *manufacturing* federal jurisdiction by using mass assignments, the same logic should apply to prevent plaintiffs, like Atlas, from *destroying* federal jurisdiction. Indeed, just like in *Waite* and other cases where, to prevent plaintiffs from evading a jurisdictional statute, the courts considered whether each individual assignor could meet the amount in controversy independently, the DNJ should have considered the citizenship and claims of each individual assignor in assessing diversity of citizenship as if each were a separate, named plaintiff. *See Waite*, 184 U.S. at 302; *Birkins v. Seaboard Serv.*, 96 F. Supp. 245, 250 (D.N.J. 1950).

## 2.   Misplaced Reliance on *Hood*

In entering the Remand Order, the DNJ relied solely on the Supreme Court's holding in *Hood*, a decision which is not applicable to mass assignments of private claims. Instead, in *Hood*, the State of Mississippi "as the sole plaintiff" and exercising its *parens patriae* authority, brought "*a claim* for restitution based on injuries suffered by the State's citizens" relating to alleged antitrust violations. *Hood*, 571 U.S. at 164 (emphasis added). This distinguishing fact is critical because

in a *parens patriae* action, an attorney general must possess and assert a quasi-sovereign interest and a claim **on behalf of the State** apart from the interests or claims of any particular private parties. *See Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*, 458 U.S. 592, 600, 600–02 (1982); *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 365 (3d Cir. 2015) ("[t]he focus in a *parens patriae* action is on the State, independent of the benefits that might accrue to any particular individual.")(internal quotations and citations omitted). *Hood*, therefore, is not applicable to a case brought by a purported mass assignee, like Atlas, which possesses no independent interests of its own, but instead seeks to aggregate claims **on behalf of thousands of separate, identifiable people**.[10]

To be sure, *Hood* held that the *parens patriae* action brought by Mississippi did not qualify as a mass action under CAFA because "a 'mass action' must involve monetary claims brought by 100 or more persons who propose to try those claims jointly as named plaintiffs." *Hood*, 571 U.S. at 164. But in *Hood*, the Court arrived at this result by reasoning, in a *parens patriae* context, that CAFA's "100 or more persons" language did not contemplate "unspecified individuals who have no actual

---

[10] The District of New Jersey has confined *Hood* to the *parens patriae* context. *See, e.g., Gallagher v. Johnson & Johnson Consumer Companies, Inc.*, 169 F. Supp. 3d 598, 607 (D.N.J. 2016) ("[*Hood*] decide[d] whether a suit filed **by a State** as the sole plaintiff nevertheless falls within the meaning of 'mass action' because it sought restitution for injuries suffered by the State's citizens.") (emphasis added).

participation in the suit," and instead covered "the parties who are proposing to join their claims in a single trial." *Id.* at 169. Thus, *Hood*'s holding was premised on the State asserting a claim in its own sovereign interest and not on behalf of unnamed real parties in interest who the courts could not identify. *Id.* at 170–72. And, because a State cannot bring a *parens patriae* action to vindicate the purely private interests and the claims of its citizens, *see, e.g., Broselow v. Fisher*, 319 F.3d 605, 609 (3d Cir. 2003), *Hood* had no reason to consider whether the State "as the sole plaintiff" was actually bringing the "claims of more than 100 persons" as CAFA requires. Thus, the DNJ's conclusion that "the Supreme Court could not have been clearer" [Mem. at 39], ignores the distinguishable context supporting *Hood*'s holding.

Unlike in *Hood*, Atlas is proposing to jointly try thousands of claims in each action on behalf of identifiable persons who could have asserted those claims in their own separate actions prior to the alleged assignments, and who will directly receive the lion's share of any recovery from the actions being pursued. *See* Mem. at 12 (acknowledging 65% of recovery goes to the assignees and 35% goes to Atlas). Put differently, in bringing each action, Atlas, for CAFA mass action purposes, now "steps into the shoes" of each Covered Person, *see Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*, No. 15-6480, 2020 U.S. Dist. LEXIS 158687, at *39 (E.D. Pa. Sep. 1, 2020), and acts as a *de facto* collection agent to recover individual claims for monetary relief on their behalf. *See Kramer v. Caribbean Mills, Inc.*, 394 U.S.

823, 829 (1969) (concluding with "little doubt that the assignment was for purposes of collection" where assignor retained substantial interest in recovery); *see also Birkins*, 96 F. Supp. at 248–50 (finding plaintiff who obtained ownership of bonds "for the purpose of retaining counsel, instituting suit and delivering . . . the proceeds of any judgment which might be obtained less costs of the litigation. . . . to be nothing more than an assignee for the purpose of collection only").

As recognized by courts in the Third Circuit, actions filed by assignees for collection are readily distinguishable from *parens patriae* actions. *See Pennsylvania v. Harbour Portfolio Cap., LLC*, No. 18-989, 2018 U.S. Dist. LEXIS 194566, *4 (W.D. Pa. Nov. 15, 2018) (explaining that a "paradigmatic counterexample" to a *parens patriae* action "would be a suit in which the state proceeds as a mere collection agent of private parties"); *see also Broselow*, 319 F.3d at 609 (holding that the language of the complaint "demonstrated that [the Commonwealth] did not proceed 'under an assignment' from Medicaid recipients," but in a *parens patriae* capacity that is "apart from the interests of particular private parties that affects a sufficiently substantial segment of its residents") (internal quotations and citations omitted); *Pennsylvania v. Porter*, 659 F.2d 306, 317 n.15 (3d Cir. 1981) (distinguishing "collection agent" suits from *parens patriae* suits in which the state is the real party in interest). Thus, because Atlas brings the actions to collect on behalf of thousands of identified persons, unlike the State in *Hood* acting as *parens*

*patriae*, Atlas is asserting separate, individual claims on behalf of private parties within the mass action provision's meaning of "monetary relief claims of 100 or more persons [that] are proposed to be tried jointly." 28 U.S.C. § 1332(11)(B).

### 3. Misapplication of *Hood*

Moreover, the DNJ failed to examine much of the Supreme Court's reasoning, which further demonstrates that *Hood* is inapplicable here. Indeed, none of the specific rationales outlined in *Hood* apply here. First, *Hood* rejected the "theory that there may be 100 or more unnamed persons who are real parties in interest as beneficiaries to any of the plaintiffs' claims" because it was concerned that CAFA does not refer to "100 or more named or unnamed real parties in interest." 571 U.S. at 168–69. But that is not the jurisdictional argument Defendants make here. Defendants contend that, in each Complaint, Atlas is the alleged assignee who steps into the shoes of more than 100 persons – approximately 19,000 identifiable Covered Persons – to aggregate and prosecute their monetary relief claims just like in any typical mass action. That is quite different from the real party in interest argument offered in *Hood*, which the Supreme Court determined, at most, showed a hypothetical, attenuated beneficial interest that millions of unknown and unidentified Mississippi citizens might have in the state's own *parens patriae* claim.

Second, *Hood* explained that "it is difficult to imagine how the claims of one set of unnamed individuals could be proposed for joint trial on the ground that the

claims of some completely different group of named plaintiffs share common questions." *Id.* at 170. Not so here, where there are approximately 19,000 identifiable Covered Persons whose claims Atlas proposes to aggregate for trial.

Third, the "unwieldy inquiries" and "administrative nightmares" which concerned the Court in *Hood* are not present here because, unlike the alleged "unnamed real parties in interest" in *Hood* whose individual amounts-in-controversy were difficult to determine, or who would be difficult to identify for purposes of any proposed transfer motion, all of the Covered Persons are specific, known persons (nor is the amount in controversy contested or any transfer motion contemplated).

Finally, *Hood* recognized the Supreme Court has historically rejected the use of assignments to create or destroy diversity because courts could "look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction." *Id.* at 175 (citing *Wecker v. National Enameling & Stamping Co.*, 204 U. S. 176, 185-186 (1907)). Thus, because the Supreme Court was cognizant that assignments might be used to circumvent federal jurisdiction, its rejection of CAFA's application to *parens patriae* actions should not be read as a rejection of CAFA's application to mass assignment litigation, a paradigmatic counterexample it did not consider or address in *Hood*. *See id*; *Harbour Portfolio Cap., LLC*, at *4.

4. <u>The DNJ's Order Undermines Congressional Intent</u>

The DNJ's Order also erroneously exalts form over substance by concluding that Atlas's strategy not to identify each assignor by name in the caption to the Complaints somehow means Atlas is proposing to try fewer than 100 persons' monetary claims in each case. These efforts have been rejected. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 588 (2013) (rejecting effort to "exalt form over substance," which would "run directly counter to CAFA's primary objective"); Wright & Miller, 5A Fed Prac. & Proc. Civ. § 1321 (4th ed.) ("[T]he caption is not determinative as to the identity of the parties to the action . . . ."). Atlas is a "named plaintiff" in each Complaint 19,000 times over, and only has standing to sue (if at all) in its capacity as the assignee for each individual assignor. *See Vermont Agency of Nat. Res. V. U.S. ex rel. Stevens*, 529 U.S. 765, 773 (2000) ("[T]he assignee of a claim has standing to assert the injury in fact suffered by the assignor."). In other words, Atlas is actually "Atlas, as assignee of Assignor No. 1," "Atlas, as assignee of Assignor No. 2," and so on, through "Atlas, as assignee of Assignor No. 19,251." Thus, even under *Hood*'s restrictive limitation of the phrase "claims of 100 or more persons" to "100 or more [named plaintiffs]," the Complaints still assert "monetary relief claims of 100 or more" named plaintiffs.

Finally, the DNJ appeared reluctant to "undermine the text of [CAFA] as construed by the Supreme Court" by reference to broader policy concerns advanced by CAFA. Mem. at 39. But the Court's extension of the Supreme Court's textual

17

analysis in *Hood* to these vastly different factual circumstances would lead to the unfair and absurd result that actions asserting the alleged monetary relief claims of more than 100 identified persons may evade federal jurisdiction simply by pursuing those claims through a corporate litigation vehicle. This is a result that the Supreme Court could not have intended in light of CAFA jurisprudence recognizing Congressional intent to broaden federal jurisdiction over large collective actions,[11] prior decisions analogizing mass assignment litigation to multi-party joinder litigation,[12] and longstanding treatment of mass assignees as multiple plaintiffs for jurisdictional purposes,[13] and one which this Court has cautioned against when interpreting CAFA. *See Robert D. Mabe, Inc.*, 43 F.4th at 320 ("on occasion plain and unambiguous language ends up stating what was ***not*** Congress's intent" and "[i]n these instances 'we are obligated to construe statutes sensibly and avoid constructions which yield absurd or unjust results'") (quoting *United States v. Fontaine*, 697 F.3d 221, 227, 57 V.I. 914 (3d Cir. 2012)).

---

[11] *Knowles*, 568 U.S. at 595; *Dart Cherokee*, 574 U.S. at 84.

[12] *Sprint*, 554 U.S. at 291.

[13] *Waite*, 184 U.S. at 334.

### C.    The Issue is Consequential, Likely to Recur, and Will Evade Review

The Remand Order deprives Defendants of their statutory right to litigate in federal court under the CAFA Mass Action Provision. The loss of that right is undeniably "consequential to [this] . . . particular case."[14] In light of the DNJ's ruling, it is likely that additional large groups of plaintiffs who may wish to avoid federal court jurisdiction under CAFA will now file actions that rely on an automated mass assignment device to evade CAFA mass action jurisdiction. Indeed, Atlas itself may very well continue to evade federal jurisdiction in this manner in future filed cases. Additionally, if the Motion is denied, the Remand Order "would evade effective review." Without an appeal to review the Remand Order, these actions will proceed in state courts and the question of federal jurisdiction will become moot. Finally, the record in these actions is "sufficiently final" to review as the DNJ terminated the actions. ECF No. 78.

### D.    Plaintiffs Will Suffer No Prejudice from Granting Review

Plaintiffs will suffer no prejudice if the Motion is granted. Approximately 36 Daniel's Law cases remain in federal court where all pending deadlines are stayed. *See* August 15, 2024 Order at ¶6, ECF No. 49. Given the stay and the expedited

---

[14] *BP America*, 613 F.3d at 1034 (quoting *College of Dental Surgeons of Puerto Rico v. Connecticut General Life Insurance Co.*, 585 F.3d 33 (1st Cir. 2009)).

timeframe to decide the appeal, the risk of delay in the cases is remote. Further, Plaintiffs themselves have acknowledged no prejudice as they "have no preference between federal court or state court," and would "readily accept [the federal court's] jurisdiction over" the actions, and "welcome the opportunity to litigate" their claims in an "efficient[]," "coordinate[d]" manner in federal court. *See, e.g.*, Remand Motion at 15–16, 25, ECF No. 23.

In stark contrast, the Remand Defendants face irreparable harm if their statutory right to federal jurisdiction is denied without review. *See* 28 U.S.C. § 1453(c)(2). Further, remanding these cases across several counties in New Jersey will result in waste of judicial resources and expenses and potentially inconsistent procedural and substantive rulings – a particularly unwarranted result if, in fact, as Defendants respectfully submit, the cases could simply proceed forthwith as coordinated mass actions in federal court.

## CONCLUSION

For the foregoing reasons, the Court should grant the Petition for leave to appeal the Remand Order.

Dated: December 2, 2024

**CLARK HILL PLC**

*/s/ Myriah V. Jaworski*
Myriah V. Jaworski (admission pending)
Chirag H. Patel (admission pending)
Steven Richman, Esq.
210 Carnegie Center, Suite 102
Princeton, NJ 08540 (609) 785-2911
Email:  mjaworski@clarkhill.com
cpatel@clarkhill.com
srichman@clarkhill.com

*Attorneys for Petitioner-Defendant 6sense*
*Insights, Inc.*

**TROUTMAN PEPPER**
**HAMILTON SANDER LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L. Jonaitis
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email:       angelo.stio@troutman.com
melissa.chuderwicz@troutman.com
stephanie.jonaitis@troutman.com

*Attorneys for Petitioner-Defendant Acxiom*
*LLC*

**TROUTMAN PEPPER**
**HAMILTON SANDER LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz

21

Stephanie L. Jonaitis
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email:      angelo.stio@troutman.com
melissa.chuderwicz@troutman.com
stephanie.jonaitis@troutman.com

*Attorneys for Petitioner-Defendant AtData
LLC*

**MCCARTER & ENGLISH LLP**

*/s/ Christopher A. Rojao*
Christoper A. Rojao
Ryan A. Savercool
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
crojao@mccarter.com
rsavercool@mccarter.com

-and-

Jon M. Talotta (admission pending)
McCarter & English LLP
8350 Broad Street (Boro Tower)
Tysons, VA 22102
Tel: 703.610.6100
jon.talotta@hoganlovells.com

-and-

**HOGAN LOVELLS**
David M. Cheifetz (admission pending)
Elizabeth C. Milburn (admission pending)
390 Madison Avenue

22

New York, New York 10017
Tel: 212.918.3000
david.cheifetz@hoganlovells.com
tina.milburn@hoganlovells.com

*Attorneys for Petitioner-Defendants in 1:24-cv-4850-HB, The Lifetime Value Co. LLC, BeenVerified, LLC, NeighborWho LLC, The NumberGuru, LLC, PeopleLooker LLC, PeopleSmart LLC, Ownerly, LLC*

**CARLTON FIELDS**

*/s/ Michael T. Hensley*
Michael T. Hensley
Jorkeell Echeverria
180 Park Avenue, Suite 106
Florham Park, New Jersey 07932
Tel: 973.828.2613 Fax: 212.430.5501
MHensley@carltonfields.com
JEcheverria@carltonfields.com

 -and-

**PARKER POE ADAMS & BERNSTEIN LLP**
Sarah F. Hutchins (admission pending)
Corri A. Hopkins (admission pending)
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Tel: 704.335.6639
sarahhutchins@parkerpoe.com
corrihopkins@parkerpoe.com

*Attorneys for Petitioner-Defendant Blackbaud, Inc.*

**McCARTER & ENGLISH, LLP**

*/s/ Scott S. Christie*
Scott S. Christie (ID: 37901989)
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Email: schristie@mccarter.com
 -and-

Curtis B. Leitner
**McCARTER & ENGLISH, LLP**
Worldwide Plaza
825 Eighth Ave., 31st Floor
New York, NY 10019
Telephone: (212) 609-6800
Email: cleitner@mccarter.com

*Attorneys for Petitioner-Defendants Black Knight Technologies, LLC and Black Knight, Inc.*

**WILMER CUTLER PICKERING HALE AND DORR LLP**

*/s/ Alan Schoenfeld*
Alan Schoenfeld (New Jersey Bar No. 285532018)
Marissa M. Wenzel (admission pending)
Todd Clayton (admission pending)
-and-

**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street

New York, NY 10007
(212) 230-8800 (phone)
(212) 230-8888 (fax)
alan.schoenfeld@wilmerhale.com
marissa.wenzel@wilmerhale.com
todd.clayton@wilmerhale.com

 -and-

Christopher Davies (admission pending)
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000 (phone)
(202) 663-6363 (fax)
christopher.davies@wilmerhale.com

*Attorneys for Petitioner-Defendant
Choreograph LLC*


**DENTONS US LLP**

*/s/ Stephen M. Turner*
Stephen M. Turner, Esq.
DENTONS US LLP
101 JFK Parkway, 4th Floor
Short Hills, NJ 07078
Telephone: (973) 912-7146
Email: stephen.turner@dentons.com

-and-

Kristen C. Rodriguez, Esq. (admission
pending)
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 398-5280

25

Email: kristen.rodriguez@dentons.com

*Attorneys for Petitioner-Defendant
Commercial Real Estate Exchange*

**TROUTMAN PEPPER
HAMILTON SANDER LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L. Jonaitis
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email:      angelo.stio@troutman.com
melissa.chuderwicz@troutman.com
stephanie.jonaitis@troutman.com

*Attorneys for Petitioner-Defendant
CoreLogic, Inc.*

**LATHAM & WATKINS LLP**

*/s/ Kevin M. McDonough*
Kevin M. McDonough (ID: 41892005)
Serrin Turner (admission pending)
LATHAM & WATKINS LLP
1271 Avenue of Americas
New York, NY 10020
Telephone: (212) 906-1200
Email:      kevin.mcdonough@lw.com
serrin.turner@lw.com

-and-

26

Bradley M. Baglien (admission pending)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Email: bradley.baglien@lw.com

*Attorneys for Petitioner-Defendants CoStar Group, Inc. and CoStar Realty Information, Inc.*

Timothy M. Jabbour (ID:TJ5611)
George Z. Twill (ID: 275292018)
Tressler LLP
163 Madison Avenue, Suite 404
Morristown, NJ 07960
973-848-2901
tjabbour@tresslerllp.com
gtwill@tresslerllp.com

-and-

Gregory C. Scaglione (admission pending)
Timothy Hutchinson (admission pending)
Koley Jessen P.C., L.L.O.
1125 S. 103rd St., Suite 800
Omaha, NE 68124
531-444-0644
Greg.Scaglione@koleyjessen.com
Tim.Hutchinson@koleyjessen.com

*Attorneys for Petitioner-Defendant Data Axle, Inc.*

**TROUTMAN PEPPER
HAMILTON SANDER LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L. Jonaitis
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email:      angelo.stio@troutman.com
melissa.chuderwicz@troutman.com
stephanie.jonaitis@troutman.com

*Attorneys for Petitioner-Defendants
Enformion, LLC and Enformion Holdco,
Inc.*

**FAEGRE DRINKER BIDDLE &
REATH LLP**
*/s/ Ross A. Lewin*
Ross A. Lewin
Faegre Drinker Biddle & Reath LLP
105 College Road East
Princeton, New Jersey 08542

-and-

Kevin DeMaio
Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, New Jersey 07932
ross.lewin@faegredrinker.com
kevin.demaio@faegredrinker.com

-and-

28

**Croke Fairchild Duarte & Beres**
Rachel Niewoehner (admission pending)
Katherine Sobiech (admission pending)
191 N. Wacker Dr., Floor 31
Chicago, IL 60606
rniewoehner@crokefairchild.com
ksobiech@crokefairchild.com

*Attorneys for Petitioner-Defendants Epsilon Data Management, LLC, Conversant LLC, Citrus Ad International, Inc.*


**MONTGOMERY MCCRACKEN WALKER & RHOADS LLP**

*/s/ Alexandra S. Jacobs*
Alexandra S. Jacobs
John Papianou
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002
856.488.7746
ajacobs@mmwr.com
jpapianou@mmwr.com

-and-

**HUDSON COOK LLP**
Rebecca E. Kuehn (admission pending)
Robert D. Tilley (admission pending)
Jason F. Esteves (admission pending)
1909 K Street, NW, 4th Floor
Washington, DC 20006
202.327.9710 / 202.327.9711
rkuehn@hudco.com
rtilley@hudco.com
jesteves@hudco.com

*Attorneys for Petitioner-Defendant First American Financial Corporation*

**VEDDER PRICE P.C.**

*/s/ Daniel C. Green*
dgreen@vedderprice.com
Jean A. Occhiogrosso
jocchiogrosso@vedderprice.com
1633 Broadway, 31st Floor
New York, New Yorsk 10019
T: +1 212 407 7700
F: +1 212 407 7799

*/s/ Blaine C . Kimrey*
Blaine C. Kimrey (admission pending)
bkimrey@vedderprice.com
Bryan K. Clark (admission pending)
bclark@vedderprice.com
222 N. LaSalle Street
Chicago, IL 60601
T: +1 312 609 7500
F: +1 312 407 5005

*Attorneys for Petitioner-Defendant Hiya, Inc.*

**LATHAM & WATKINS LLP**

*/s/ Kevin M. McDonough*
Kevin M. McDonough (ID: 41892005)
Serrin Turner (admission pending)
LATHAM & WATKINS LLP
1271 Avenue of Americas
New York, NY 10020

30

Telephone: (212) 906-1200
Email:      kevin.mcdonough@lw.com
serrin.turner@lw.com

-and-

Jennifer C. Archie (admission pending)
Bradley M. Baglien (admission pending)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Email:      jennifer.archie@lw.com
bradley.baglien@lw.com

-and-

Robert C. Collins (admission pending)
LATHAM & WATKINS LLP
330 N. Wabash Ave, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: robert.collins@lw.com

*Attorneys for Petitioner-Defendants
PeopleConnect, Inc., PeopleConnect
Holdings, Inc., Intelius, LLC,
PeopleConnect Intermediate, LLC*

**LOWENSTEIN SANDLER LLP**

*/s/ A. Matthew Boxer*
A. Matthew Boxer
Gavin J. Rooney
Rasmeet K. Chahil
LOWENSTEIN SANDLER LLP
One Lowenstein Drive
Roseland, New Jersey 07068

31

973.597.2500
mboxer@lowenstein.com
grooney@lowenstein.com
rchahil@lowenstein.com

*Attorneys for Petitioner-Defendants*
*LexisNexis Risk Data Management, LLC*
*and RELX Inc.*

**LATHAM & WATKINS LLP**

*/s/ Kevin M. McDonough*
Kevin M. McDonough (ID: 41892005)
Serrin Turner (admission pending)
LATHAM & WATKINS LLP
1271 Avenue of Americas
New York, NY 10020
Telephone: (212) 906-1200
Email:       kevin.mcdonough@lw.com
serrin.turner@lw.com

-and-

Jennifer C. Archie (admission pending)
Bradley M. Baglien (admission pending)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Email:       jennifer.archie@lw.com
bradley.baglien@lw.com

-and-

Robert C. Collins (admission pending)
LATHAM & WATKINS LLP
330 N. Wabash Ave, Suite 2800
Chicago, IL 60611

32

Telephone: (312) 876-7700
Email: robert.collins@lw.com

*Attorneys for Petitioner-Defendants
LightBox Parent, L.P. and LightBox
Holdings, L.P.*

**LATHAM & WATKINS LLP**

*/s/ Kevin M. McDonough*
Kevin M. McDonough (ID: 41892005)
Serrin Turner (admission pending)
LATHAM & WATKINS LLP
1271 Avenue of Americas
New York, NY 10020
Telephone: (212) 906-1200
Email:      kevin.mcdonough@lw.com
serrin.turner@lw.com

-and-

Jennifer C. Archie (admission pending)
Bradley M. Baglien (admission pending)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Email:      jennifer.archie@lw.com
bradley.baglien@lw.com

-and-

Robert C. Collins (admission pending)
LATHAM & WATKINS LLP
330 N. Wabash Ave, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: robert.collins@lw.com

*Attorneys for Petitioner-Defendants Oracle International Corporation, Oracle America, Incorporated, and Oracle Corporation*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

*/s/ Camille Joanne Rosca*
Camille Joanne Rosca
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: +1 212 506 5000
Email: crosca@orrick.com

*Attorneys for Petitioner-Defendant Outside Interactive, Inc.*

**SAUL EWING LLP**

*/s/ William C. Baton*
William C. Baton
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza
1037 Raymond Blvd.
Newark, NJ 07102-5426
(973) 286-6700
wbaton@saul.com
sarah.sullivan@saul.com

-and-

**COOLEY LLP**
Matthew D. Brown (admission pending)

34

Bethany C. Lobo (admission pending)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
E-mail: brownmd@cooley.com
E-mail: blobo@cooley.com

*Attorneys for Petitioner-Defendants*
*Precisely Holdings, LLC, Precisely Software*
*Inc., and Precisely Software Ltd.*


**KELLEY DRYE & WARREN LLP**

*/s/ Lauri A. Mazzuchetti*

Lauri A. Mazzuchetti
Whitney M. Smith
Aaron J. Gold
KELLEY DRYE & WARREN LLC
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
Tel: (973) 503-5900
Fax: (973) 503-5950
lmazzuchetti@kelleydrye.com
wsmith@kelleydrye.com
agold@kelleydrye.com

*Attorneys for Petitioner-Defendant*
*RE/MAX, LLC*


**TROUTMAN PEPPER**
**HAMILTON SANDER LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L. Jonaitis
Suite 400

301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email:     angelo.stio@troutman.com
melissa.chuderwicz@troutman.com
stephanie.jonaitis@troutman.com

*Attorneys for Petitioner-Defendant Red Violet, Inc.*

**TROUTMAN PEPPER
HAMILTON SANDER LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L. Jonaitis
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email:     angelo.stio@troutman.com
melissa.chuderwicz@troutman.com
stephanie.jonaitis@troutman.com

*Attorneys for Petitioner-Defendant Remine Inc.*

**CLARK HILL PLC**

*/s/ Myriah V. Jaworski*
Myriah V. Jaworski (admission pending)
Chirag H. Patel (admission pending)
Steven Richman, Esq.
210 Carnegie Center, Suite 102
Princeton, NJ 08540 (609) 785-2911
Email:  mjaworski@clarkhill.com

36

cpatel@clarkhill.com
srichman@clarkhill.com

*Attorneys for Petitioner-Defendant Search Quarry LLC*

**SILLS CUMMIS & GROSS P.C.**

*/s/ Joshua N. Howley*
Joshua N. Howley
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102
(973) 643-7000
jhowley@sillscummis.com

Andrew J. Pincus*
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
apincus@mayerbrown.com

John Nadolenco*
Daniel D. Queen*
MAYER BROWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 229-9500
jnadolenco@mayerbrown.com

Benjamin D. Bright*
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
bbright@mayerbrown.com
*admission pending

*Attorneys for Petitioner-Defendant Spokeo, Inc.*


**CARLTON FIELDS, P.A.**

/s/ *Michael D. Margulies*
Michael D. Margulies (No. 030412008)
CARLTON FIELDS, P.A.
180 Park Avenue, Suite 106
Florham Park, NJ 07932
Telephone: (973) 828-2600
Email: mmargulies@carltonfields.com

*Attorneys for Petitioner-Defendants Teltech Systems Inc. and Epic Applications, LLC*


**Buchanan Ingersoll & Rooney**

 /s/s *Samantha L. Southall*
 Samantha L. Southall
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19103

*Attorneys for Petitioners-Defendants Trans Union, LLC, Neustar, Inc. and TransUnion Risk and Alternative Data Solutions, Inc.*


**McCARTER & ENGLISH, LLP**

/s/ *Scott S. Christie*.
Scott S. Christie (ID: 37901989)
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Email: schristie@mccarter.com

*Attorneys for Petitioner-Defendant Telnyx LLC*

**SAUL EWING LLP**

*/s/ William C. Baton*
William C. Baton
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza
1037 Raymond Blvd.
Newark, NJ 07102-5426
(973) 286-6700
wbaton@saul.com
sarah.sullivan@saul.com
alexander.callo@saul.com

-and-

**COOLEY LLP**
Matthew D. Brown (admission pending)
Bethany C. Lobo (admission pending)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
E-mail: brownmd@cooley.com
E-mail: blobo@cooley.com

*Attorneys for Petitioner-Defendants Valassis Digital Corp. and Valassis Communications, Inc.*

**MANATT, PHELPS & PHILLIPS, LLP**
*/s/ Kenneth D. Friedman*
Kenneth D. Friedman
7 Times Square

New York, New York 10036
(212) 790-4500
kfriedman@manatt.com

Kareem A. Salem (admission pending)
Brandon Reilly (admission pending)
662 Encinitas Blvd., Suite 216
Encinitas, CA 92024
(619) 205-8520
ksalem@manatt.com
breilly@manatt.com

*Attorneys for Petitioner-Defendant Vericast Corp.*

**VEDDER PRICE P.C.**

*/s/ Daniel C. Green*
Daniel C. Green
Jean A. Occhiogrosso
1633 Broadway, 31st Floor
New York, New York 10019
T: +1 212 407 7700
F: +1 212 407 7799
dgreen@vedderprice.com
jocchiogrosso@vedderprice.com

-and-

Blaine C. Kimrey (admission pending)
Bryan K. Clark (admission pending)
Vedder Price P.C.
222 N. LaSalle Street
Chicago, IL 60601
T: +1 312 609 7500
F: +1 312 407 5005
bkimrey@vedderprice.com
bclark@vedderprice.com

40

*Attorneys for Petitioner-Defendant Whitepages, Inc.*

**DENTONS US LLP**

*/s/ Stephen M. Turner*
Stephen M. Turner, Esq.
DENTONS US LLP
101 JFK Parkway, 4th Floor
Short Hills, NJ 07078
Telephone: (973) 912-7146
Email: stephen.turner@dentons.com

-and-

Kristen C. Rodriguez, Esq. (admission pending)
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 398-5280
Email: kristen.rodriguez@dentons.com

*Attorneys for Petitioner-Defendant Wiland, Inc.*

**TROUTMAN PEPPER HAMILTON SANDER LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L. Jonaitis
TROUTMAN PEPPER HAMILTON SANDERS LLP
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227

41

Telephone: (609) 951-4125
Email:      angelo.stio@troutman.com
melissa.chuderwicz@troutman.com
stephanie.jonaitis@troutman.com

*Attorneys for Petitioner-Defendants Carco Group, Inc., Intellicorp Records, Inc.*

## CERTIFICATE OF COMPLIANCE

1.      This petition complies with the type-volume limitations of Federal Rule of Appellate Procedure 5(c)(1) because this petition contains 4900 words, excluding the part of the petition exempted by Federal Rules of Appellate Procedure 5(b)(1)(E) and 32(a)(7)(B)(iii).

2.      This petition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this petition has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

3.      I certify pursuant to Third Circuit Local Appellate Rules 28.3(d) and 46.1(e) that I am a member of good standing of the Bar of this.

4.      I certify pursuant to Third Circuit Local Appellate Rule 31.1(c) that the text of the brief filed electronically is identical to the text in the paper copies of the brief, and that electronic versions of the brief filed on ECF were virus checked using Windows Defender Advanced Threat Protection Antivirus, Version 1.421.581.0 (last update 12/2/2024 at 6:47AM EST) and no virus was detected.

Dated: December 2, 2024                    /s/ Angelo A. Stio III

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the

Court for the United States Court of Appeals for the Third Circuit by using the

appellate CM/ECF system on December 2, 2024.

I further certify that copies of the foregoing were transmitted to all counsel

of record via email and commercial carrier for overnight delivery.

Dated:  December 2, 2024                       /s/ Angelo A. Stio

# ADDENDUM 1
## TO PETITION FOR LEAVE TO APPEAL

### LIST OF PETITIONERS-DEFENDANTS

| | **Case Name and Civil Action No.** | **Petitioners-Defendants** |
|---|---|---|
| 1. | *Atlas Data Privacy Corp., et al v. Blackbaud, Inc., et al.* Civil Action No. 1:24-cv-3993 | Blackbaud, Inc. |
| 2. | *Atlas Data Privacy Corp. et al. v. Whitepages, Inc., et al.* Civil Action No. 1:24-cv-3998 | Whitepages, Inc. |
| 3. | *Atlas Data Privacy Corp., et al v. Hiya, Inc., et al.* Civil Action No. 1:24-cv-4000 | Hiya, Inc. |
| 4. | *Atlas Data Privacy Corp., et al v. Commercial Real Estate Exchange, Inc. et al.* Civil Action No. 1:24-cv-04073 | Commercial Real Estate Exchange, Inc. |
| 5. | *Atlas Data Privacy Corp., et al v. Carco Group, Inc., Intellicorp Records, Inc.* Civil Action No. 1:24-cv-4077 | Carco Group, Inc. Intellicorp Records, Inc. |
| 6. | *Atlas Data Privacy Corp., et al v. 6Sense Insights, Inc., et al.* Civil Action No. 1:24-cv-4104 | 6Sense Insights, Inc. |
| 7. | *Atlas Data Privacy Corp., et al v. Lightbox Parent, L.P., et al.* Civil Action No. 1:24-cv-4105 | Lightbox Parent, L.P. Lightbox Holdings, L.P. |
| 8. | *Atlas Data Privacy Corp., et al v. Search Quarry, Inc., et al.* Civil Action No. 1:24-cv-4106 | Search Quarry, Inc. Search Quarry, LLC |
| 9. | *Atlas Data Privacy Corp., et al v. Acxiom LLC, et al.* Civil Action No. 1:24-cv-4107 | Acxioim LLC |
| 10. | *Atlas Data Privacy Corp., et al v. Enformion, LLC, et al.* Civil Action No. 1:24-cv-04110 | Enformion, LLC Enformion Holdco, Inc. |

| | Case Name and Civil Action No. | Petitioners-Defendants |
|---|---|---|
| 11. | *Atlas Data Privacy Corp., et al v. Costar Group, Inc., et al.* Civil Action No. 1:24-cv-04111 | Costar Group, Inc. Costar Realty Information, Inc. Costar Realty Information, Inc. |
| 12. | *Atlas Data Privacy Corp., et al v. Oracle International Corp., et al.* Civil Action No. 1:24-cv-4112 | Oracle International Corp. Oracle America, Inc. Oracle Corp |
| 13. | *Atlas Data Privacy Corp., et al v. Red Violet, Inc., et al.* Civil Action No. 1:24-cv-4113 | Red Violet, Inc. |
| 14. | *Atlas Data Privacy Corp., et al v. RE/MAX, LLC, et al.* Civil Action No. 1:24-cv-4114 | RE/MAX, LLC |
| 15. | *Atlas Data Privacy Corp., et al v. Epsilon Data Management, LLC, et al.* Civil Action No. 1:24-cv-04168 | Epsilon Data Management, LLC Conversant LLC, Citrus Ad International, Inc. |
| 16. | *Atlas Data Privacy Corp., et al v. Data Axle, Inc., et al.* Civil Action No. 1:24-cv-04181 | Data Axle, Inc. |
| 17. | *Atlas Data Privacy Corp., et al v. Remine Inc., et al.* Civil Action No. 1:24-cv-4182 | Remine Inc. |
| 18. | *Atlas Data Privacy Corp., et al v. Teltech Systems, Inc. et al.* Civil Action No. 1:24-cv-4217 | Teltech Systems, Inc. Epic Enterprises, LLC |
| 19. | *Atlas Data Privacy Corp., et al v. PeopleConnect, Inc., et al.* Civil Action No. 1:24-cv-4227 | PeopleConnect, Inc. PeopleConnect Holdings, Inc. Intelius, LLC PeopleConnect Intermediate, LLC |
| 20. | *Atlas Data Privacy Corp., et al v. CoreLogic, Inc., et al.* Civil Action No. 1:24-cv-04230 | Corelogic, Inc. |
| 21. | *Atlas Data Privacy Corp., et al v. Black Knight Inc., et al.* Civil Action No. 1:24-cv-4233 | Black Knight Inc. Black Knight IP Holding Company, LLC Black Knight Technologies, LLC |

| | **Case Name and Civil Action No.** | **Petitioners-Defendants** |
|---|---|---|
| 22. | *Atlas Data Privacy Corp., et al v. Choreograph LLC, et al.* Civil Action No. 1:24-cv-04271 | Choreograph LLC |
| 23. | *Atlas Data Privacy Corp., et al v. TransUnion LLC, et al.* Civil Action No. 1:24-cv-4288 | TransUnion LLC Neustar, Inc. TransUnion Risk and Alternative Data Solutions, Inc. |
| 24. | *Atlas Data Privacy Corp., et al v. Spokeo, Inc., et la.* Civil Action No. 1:24-cv-04299 | Spokeo, Inc. |
| 25. | *Atlas Data Privacy Corp., et al v. Telnyx LLC, et al.* Civil Action No. 1:24-cv-4354 | Telnyx LLC |
| 26. | *Atlas Data Privacy Corp., et al v. Wiland Inc., et al.* Civil Action No. 1:24-cv-4442 | Wiland Inc. |
| 27. | *Atlas Data Privacy Corp., et al v. Atdata LLC, et al.* Civil Action No. 1:24-cv-04447 | Atdata LLC |
| 28. | *Atlas Data Privacy Corp., et al v. Precisely Holdings LLC, et al.* Civil Action No. 1:24-cv-4571 | Precisely Holdings LLC Precisely Software Inc. Precisely Software LTD |
| 29. | *Atlas Data Privacy Corp., et al v. Outside Interactive, Inc., et al.* Civil Action No. 1:24-cv-04676 | Outside Interactive, Inc. |
| 30. | *Atlas Data Privacy Corp., et al v. Valassis Communications, Inc., et al.* Civil Action No. 1:24-cv-4770 | Valassis Communications, Inc. Valassis Digital Corp. Vericast Corp |
| 31. | *Atlas Data Privacy Corp., et al v. The Lifetime Value C O LLC, et al.* Civil Action No. 1:24cv4850 | Beenverified, LLC NeighborWho LLC Ownerly, LLC PeopleLooker, LLC PeopleSmart LLC The Lifetime Value C O LLC The NumberGuru, LLC |
| 32. | *Atlas Data Privacy Corp., et al v. First American Financial Corp., et al.* Civil Action No. 1:24-cv-05334 | First American Financial Corp. |

|     | **Case Name and Civil Action No.** | **Petitioners-Defendants** |
| --- | --- | --- |
| 33. | *Atlas Data Privacy Corp., et al. v. LexisNexis Risk Data Management, LLC, et al.* Civil Action No. 1:24-cv-06160 | LexisNexis Risk Data Management, LLC and RELX, Inc. |